Q. E. BOURNE *v. State.*

[60 South. 724.]

CRIMINAL LAW. *Continuance. Sickness. Self-caused.*

It is not improper to deny a continuance to a defendant charged with a misdemeanor, on account of sickness, where it was caused by his drinking large quantities of whiskey just before the beginning of the court.

APPEAL from the circuit court of Marion county.
HON. A. E. WEATHERSBY, Judge.
Q. E. Bourne was convicted of crime and appeals.
The facts are fully stated in the opinion of the court.

*Dale & Rawls,* for appellant.

As we see it, the only question to be determined in this trial is whether or not the lower court erred in trying appellant Bourne, under the circumstances, in his absence and without his consent.

Appellant in support of his application for a continuance introduced Dr. Larkin, a duly licensed and practicing physician, who testified that appellant Borune was at that time very sick and confined to his bed, and had been so confined for the entire week. Dr. Larkin in his testimony stated that appellant Bourne was not in a condition to attend court and to attend his trial, and to compel him to do so might prove to be more or less a seri-

ous matter with him. Several other witnesses were introduced, both by appellant and the state, in the trial of appellant's application for a continuance, and, as we see it, this testimony, as a whole, conclusively established the fact that appellant Bourne was a sick man and was not in a condition to attend court and be present at his trial, and that to compel him to do so would be dangerous and probably would result seriously with him. It has been recently held by this court that, "Where one is too ill to be present at his or her trial for a misdemeanor, the court must grant his or her application for a continuance, and a conviction rendred on a trial in his or her absence will be reversed. *Hoggett* v. *State,* 56 So. 172."

The right to be present at his trial, even though it be for a misdemeanor, is a constitutional right guaranteed to appellant by section 26 of the Constitution of the state of Mississippi, and it is our contention that the trying of appellant's, Bourne's, case in the lower court under the circumstances, viz., at a time when he was too ill to be present at his trial, was and is in violation of this constitutional right.

It has been recently held by this court that, "One physically unable to attend his trial for a misdemeanor does not voluntarily absent himself and waive the right to be present, guaranteed by section 26 of the Constitution and where he is tried in his absence, he is deprived of his constitutional right. *Corbin* v. *State,* 55 So. 43."

We think it was conclusively shown by the testimony introduced in support of appellant's application for a continuance that he was seriously ill and not able to attend court and be present at his trial. In the face of this fact the court proceeded to try appellant Bourne in his absence and without his consent, and that the court erred in so doing. As stated above, we believe that the trial of appellant under these circumstances was in violation of his constitutional right, his right to be present at the trial and be confronted with the witnesses against him,

and in violation of any possible discretion that the trial court might have had. We think this contention is upheld by a long line of well-reasoned decisions of this court, the more recent ones being cited, and we submit that the judgment of the lower court in this case should be reversed and this case remanded.

*George H. Ethridge,* assistant attorney general, for appellee.

Applications for continuances in criminal trials are largely within the discretion of the trial court, and the action of a court will not be disturbed on appeal unless it is manifestly wrong. The steps necessary to be taken by the defendant on a motion for a new trial are clearly set forth in the case of *Lamar* v. *State,* 63 Miss. 265, and there was no effort to comply with that rule in this case.

While it would be true that a person charged even with a misdemeanor would be entitled, under the Constitution, to be present at the trial and be confronted by the witnesses if this refers, and must be taken to refer, to matters of illness as due to the act of God, or at least, such as are not brought on by the voluntary act of the party.

If a person may have a case continued because he becomes drunk and by excessive drinking puts himself in an attitude where he is not able to defend himself, if such act of his will avail the law to procure a continuance for him, it would be impossible to dispose of business against such person.

It is shown that the appellant here, the day before the court, was apparently in good health and good condition, and that if he was as sick as it is pretended he was, it was brought about by his own conduct.

It will be a nice state of affairs, indeed, in this country if the court should continue cases against all the blind tigers who might choose to get drunk and suffer a

temporary illness to escape a sentence or duty on the farm. How many people in this line of business does the court suppose would not avail themselves of this privilege of escaping punishment by getting drunk? The class of people who generally sell intoxicating liquors are generally not adverse to being drunk, but are generally very adverse to performing labor on the public highways or the county farm, or being confined in the county jails. This case is not like *Hoggett's case*, 56 So. 172.

In misdemeanors the personal presence of the accused is not required in court and is not indispensable to the trial, and I submit that under the facts shown in this case that had his personal presence been necessary, the court could safely have brought him to trial as it did bring Dr. Lipscomb to trial in spite of a more serious illness in his case than in the case at bar. The *Lipscomb case* is reported in 76 Miss. 223.

In the present case, the evidence does not show that it would have been harmful or dangerous to the appellant to have come into court. It is not shown that he had reached the stage where his mind was impaired from drink and that he would not have intelligence enough to have understood the nature of the case, and the action of the court in denying a continuance should be approved in this court.

His friends who testified for him in the case who, it is to be presumed, stated his case as strongly as the facts would warrant, did not undertake to say that it would endanger his life or seriously impair his permanent health to have attended the trial. This court cannot see anything from the record that appellant would have done that would lead to a different result.

It will be an evil day in criminal jurisprudence when the court sets the precedent allowing a person accused of crime to voluntarily place himself in a condition where he cannot attend and get the benefits of such acts

on his part and escape justice, and I submit the case should be affirmed.

COOK, J., delivered the opinion of the court.

Appellant in this case was convicted in the circuit court of Marion county upon an indictment charging him with the unlawful sale of intoxicating liquors. When his case was called in the court, his counsel made application for a continuance, and filed in support of this motion an affidavit of the defendant stating that the defendant was sick abed, and unable to attend court, and that it was necessary for him to be present in order that he might properly make his defense to the charge preferred against him; and, further, that he had a meritorious defense to the charge. Evidence was taken on this motion, and it was disclosed that the defendant, just prior to the begining of the term of court, had proceeded to debauch himself, and, because of the large quanities of whiskey with which he saturated himself, he was then "sick at the stomach" and very nervous. For this cause his physician said that he thought he was in no condition to look after a case in court.

The trial judge held that the defendant would not be excused from appearing to answer his bond, because of his drunkenness, or because of the consequences which flowed from his self-caused disability. The motion for a continuance was overruled and the case was tried in the absence of the accused, which trial resulted in a verdict of guilty.

The only error assigned is the refusal to grant a continuance under the circumstances.

We think the court was right in its ruling, and the case is, therefore, affirmed.

*Affirmed.*