# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-KA-01296-SCT

*ERIC MERRIWEATHER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/1998 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | H. CRAIG TREADWAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/4/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/29/99 |

## BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.

## BANKS, JUSTICE, FOR THE COURT:

¶1. This Court is faced with the issue of whether it was error for the trial court to allow the trial of a criminal case to proceed where the defendant stated that he had smoked a marijuana cigarette earlier on the morning of the trial. We conclude that the trial court's finding that the defendant was not impaired such that he could not understand the proceeding and assist counsel is amply supported by the record and that its failure to continue the trial because of the defendant's self-induced condition, if any, was not an abuse of discretion.

## I.

¶2. The defendant, Eric Merriweather, ("Merriweather") was convicted in the Circuit Court of DeSoto County, Mississippi, of robbing the BP Oil Company Service Station in Southhaven, Mississippi, on September 30, 1997. During the customary dialogue conducted by the trial judge before jury selection and outside the presence of prospective jurors, Merriweather admitted to smoking one marijuana cigarette at 6:00 a.m., the morning of the trial. The trial court then questioned him extensively outside the presence of the venire on whether he understood his rights and the trial process. Merriweather assured the court that he did understand his rights, the trial process, and that he was competent. The court found that the one marijuana cigarette had not impaired his ability to understand or to assist his attorney; and therefore, the court declined to continue the trial. The jury found Merriweather guilty of robbery.

## II.

¶3. Mississippi law is clear; the trial court has an affirmative duty to prevent the trial of a defendant not competent to stand trial. *Howard v. State*, 701 So. 2d 274, 280 (Miss. 1997). In *Howard*, we set the test for determining if a defendant is competent to stand trial. However, if a defendant becomes intoxicated by his own action he is not ordinarily excused from trial or entitled to a continuance. *Bourne v. State*, 103 Miss. 628, 632, 60 So. 724, 725 (1913). Clearly, Merriweather's intoxication was self-imposed.

¶4. Here the court found no impairment after extensive questioning and observation of Merriweather. Nothing in the record lends itself to the conclusion that this finding was clearly erroneous. We are, therefore, not at liberty to disturb it. Additionally, the trial court has wide discretion in assessing whether a self-induced condition should necessitate a continuance. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983); *Walker v. State*, 729 So. 2d 197, 199 (Miss. 1998). There was no abuse of discretion here.

¶5. For the foregoing reasons, we affirm.

¶6. **CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST NINE YEARS SUSPENDED, WITH CONDITIONS, AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**