# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KA-00938-SCT

*CALVIN WALKER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/24/96 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES P. VANCE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | JIM HOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 11/12/98 |
| MOTION FOR REHEARING FILED: | 11/30/98 |
| MANDATE ISSUED: | 2/8/99 |

**BEFORE PITTMAN, P.J., BANKS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## SUMMARY

¶1. Calvin Walker ("Walker") was sentenced to 30 years with 10 suspended for sale of cocaine in violation of Miss. Code Ann. § 41-29-139 (a). Walker filed timely notice of appeal raising the following issues for consideration:

> **I. THE LOWER COURT ERRED IN DENYING WALKER'S MOTION FOR A CONTINUANCE.**
>
> **II. THE LOWER COURT ERRED IN DENYING WALKER'S MOTION FOR SEVERANCE.**
>
> **III. THE VERDICT OF GUILT IS NOT VALID BECAUSE IT WAS COERCED BY THE TRIAL JUDGE.**

**IV. THE VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

**FACTS**

¶2. On April 12, of 1994, two men working for the North Mississippi Narcotics unit drove to Picken's One Stop in Okolona, Mississippi, to purchase drugs for the purposes of making an arrest. A confidential informant ("C. I.") was driving the vehicle and investigator Dennis Johnson was riding in the passenger seat. The C.I. was wired with a transmitter. Upon arriving at the store, the C.I. initially asked Marshall where a man named Hughes was, and then told Marshall he wanted to buy cocaine from Walker. Marshall initially responded that he didn't sell dope but asked if the C.I. would break off a piece of the cocaine for him. Marshall then went to the door of the pool hall abutting the Picken's One Stop and engaged in a conversation with Walker. Johnson testified that the distance was approximately 10 to 14 feet from the car. Johnson observed Walker hand something to Marshall, who returned to the car with two rocks of cocaine. Johnson paid Marshall $40 for the cocaine.

¶3. Johnson and the C.I. then returned the drugs to the case agent on the matter and both Marshall and Walker were subsequently indicted for the sale of cocaine. They were tried together and the jury returned a verdict of guilty on each defendant. Mr. Lancaster represented Walker, and Mr. Burns represented Marshall.

**<u>DISCUSSION</u>**

**I. The Trial Court Did Not Abuse Its Discretion When It Denied Walker's Motion For a Continuance.**

¶4. "The grant or denial of a continuance lies within the sound discretion of the trial court." *Hughey v. State*, 512 So. 2d 4, 6 (Miss. 1987 )(*citing Gates v. State*, 484 So. 2d 1002, 1006 (Miss. 1986); *Carter v. State*, 473 So. 2d 471, 475 (Miss. 1985)); *see also Gates v. State*, 484 So. 2d 1002, 1006 (Miss. 1986)("Of course, the granting or not granting of a continuance is within the sound discretion of the trial judge."); *Carter v. State*, 473 So. 2d 471, 475 (Miss. 1985)("It is well established in Mississippi that trial judges have broad discretion in granting a continuance.")(*citing Greene v. State*, 406 So. 2d 805 (Miss. 1981); *Norman v. State*, 385 So. 2d 1298 (Miss. 1980)); Miss. Code Ann. § 99-15-29 (1994) ("The court may grant or deny a continuance, in its discretion").

¶5. Examining the facts in the current case, it is this Court's opinion that the trial judge was within his discretion in denying the defendant's motion for a continuance. Lancaster, Walker's attorney, moved *ore tenus* for a continuance on July 22, the day before trial. This was denied, and Lancaster filed a written motion for continuance the next day, averring that he was unable to prepare for trial due to scheduling conflicts and the fact that he had been appointed only one day before trial.

¶6. Arguing his motion, on July 22, 1996, Lancaster stated,

> I was under the impression Roy Ferrill is representing the defendant. Apparently, he is not. Out of abundance of caution, first you will notice Billy Shelton signed the arraignment, and he's out of it. Then I heard Roy Ferrill. I went ahead and requested discovery. I have done that, but I was under the impression I didn't have a jury trial tomorrow and was under the impression I was not going to

represent Mr. Walker. I now find out he does not have an attorney, and it's too short of notice to pursue trial.

The State's response was:

The State's response is, your Honor, I understand the position Mr. Lancaster is in; and I hate to put a lawyer in that; but I don't think it was the State that put him in that situation. It was the defendant, because the defendant's been telling us every term of court that Mr. Ferrill was going to represent him; and if he's allowed to do that, he could get it put off and put off and put off. If he comes up and says, "I've got a lawyer"; and then the lawyer doesn't show up and get it continued every time.

¶7. The trial judge evidently agreed that the defendant was largely at fault for the confusion over who was representing him and in denying Lancaster's motion for a continuance stated,

[This] court's not going to be put in the position of letting defendants jock the Court's docket by saying they have lawyers when they don't or swapping lawyers around. Mr. Lancaster is a very capable, competent defense lawyer; so we'll proceed right on. I deny your motion for continuance.

¶8. The record before this Court forms the sole source of information about this matter. After thorough review of the record, we cannot find an order appointing Lancaster to represent Walker, or for that matter his co-defendant, Marshall. As such, the record does not support the trial judge's conclusion that Walker was attempting to "jock the court's docket." Regardless of what Walker was telling the court in the months prior to trial, the prudent procedure was for the trial court to enter an order formally appointing Lancaster as counsel for Walker until such time as an order is entered relieving Lancaster of his duties and substituting new counsel. Lancaster's role in the defense of Walker first surfaces in the record when he filed a motion to be relieved as counsel for Marshall on January 26, 1996. Within said motion, Lancaster acknowledged that he was "the appointed attorney for both Tyrone Marshall and Calvin Walker." From this pleading, it is apparent that Lancaster was acknowledging assumption of the defense of Walker at least six months in advance of trial. We recognize, from the remarks of the State and the trial judge, that Walker had led everyone to believe that he was going to retain another attorney to represent him at trial. While we empathize with the plight of Lancaster, we are bound by the record before us. Given the circumstances and the inadequacy of the record, we cannot say that the trial judge abused his discretion in denying Walker's motion for a continuance.

### II. The Lower Court Abused Its Discretion When it Failed to Grant Walker's Motion for a Severance.

¶9. Walker was tried with Tyrone Marshall, the alleged go-between or runner between Walker and the undercover agent purchasing the cocaine. On the day of trial, Walker's attorney moved *ore tenus* for a severance, which was denied. No written motion appears in the record nor, apparently, was there any argument concerning this motion. Mississippi's Uniform Rules of Circuit and Chancery Court Practice 9.03 provides in relevant part that "[t]he granting or refusing of severance of defendants in cases not involving the death penalty shall be in the discretion of the trial judge." As noted *supra*, Lancaster was never relieved as Walker's counsel. Given this fact and the untimeliness of the motion, we find that the trial judge was acting within his discretion in denying Walker's motion for severance made before the trial began.

¶10. Although the trial judge was correct in denying Walker's untimely pretrial motion for severance, events

transpired during the trial which require further examination to determine whether the issue of severance should have been reconsidered by the trial judge or, alternatively, whether Walker was denied his right to a fair trial. We now decide whether reversal is required because of statements made by Marshall's counsel in his opening statement and seized upon by the State during the cross-examination of Walker.

¶11. Marshall's attorney began by flatly stating that Calvin Walker was guilty of dealing cocaine:

My client [Marshall] goes to Calvin and says, "Two of these fellows here wants some crack cocaine." Calvin says, "Look, would you take this over there to them?" He said, "Look, I don't deal in this sort of stuff; and I never have." He said, "Look, just do me a favor"; so what he did was dumb. He took the cocaine from Calvin, went to the narcotics agent, gave him the cocaine. The narcotics agent gave him $40. He takes the $40 back to Calvin, and he leaves, and he never hears another thing until after he's indicted.

Essentially, Marshall's position was that he was unwittingly caught in between Calvin Walker and the undercover agent and was merely trying to do Walker a "favor" by taking the drugs over to the car.

¶12. The State seized on the statements of Marshall's counsel, and hammered Walker, testifying on his own behalf, with this apparent tacit admission of guilt by his co-defendant, and despite vociferous objection from Walker's attorney, the trial court allowed the prosecutor to treat Marshall's attorney's opening statement as if it were direct testimony by Marshall against Walker:

A. [Walker] I don't sell drugs.

Q. [District attorney] Why would he [Marshall] say that you are in the drugs business with him?

A. I didn't hear him say it.

BY MR. LANCASTER: Objection. He's not said that, and that's an improper question even on cross.

BY THE COURT: He's on cross examination, and I'm going to let him answer.

BY MR. LANCASTER: We ask it be made continuing for the record.

BY THE COURT: All right.

Q. You heard Mr. Burns [Marshall's attorney] in opening statement say that Mr. Marshall came over to you at Pickens One Stop.

BY MR. LANCASTER: Objection.

BY THE COURT: All right.

BY MR. LANCASTER: That's not the testimony.

BY THE COURT: I understand that. The objection is overruled. You can go ahead, Mr. Hood.

Q. Do you want me to ask the question again? If Mr. Marshall were to get up here and testify that he came over to you, and you gave him two rocks of crack, and he took it out there to a car, he would

be telling the truth, wouldn't he?

* * *

Q. For somebody you've never had any problems with, it appears that they wouldn't get up here and tell a lie on you. Isn't that true?

A. Excuse me?

Q. For somebody you've never had any trouble with, why would he get up here and tell a lie on you?

A. He hadn't been up here and told no lie.

Q. If he were to say that he came over to you and got the dope, would that not be true?

A. If he were to say it?

Q. Yes.

A. It wouldn't be. If he said he got it from me, it wouldn't be true.

Q. You're saying he would be lying, right?

A. Right, because I don't deal in drugs.

¶13. First, the State argues that Walker failed to make a contemporaneous objection to the statements made by Marshall's counsel during opening argument. Generally, the failure to make a contemporaneous objection at trial waives the issue on appeal. ***Holland v. State***, 656 So.2d 1192, 1197 (Miss. 1995). In the instant case, the question is whether Walker's counsel even had a basis on which to interpose an objection during Marshall's opening statement. At that time, Marshall's counsel was supposed to be stating what he expected the evidence to show. Marshall pursued an entrapment theory during the first part of trial. However, that theory along with his defense of ignorance, was abandoned when Marshall failed to introduce any evidence supporting either defense at trial. Walker's counsel did pose an objection when the State attempted to use the statements of Marshall's counsel as substantive evidence of Walker's guilt. Finding that this issue has been properly preserved for review, we now address the merits of Walker's claim.

¶14. In essence the prosecutor was allowed to use the statements made by Marshall's counsel in his opening as substantive evidence against Walker. The cross-examination of Walker was centered almost entirely around the comments made by his co-defendant's counsel during opening statements. The prosecutor's questions were phrased in such a manner to import to the jury that Marshall, himself, had made the statements against Walker. In fact, Marshall never testified at trial.

¶15. The State argues that the "testimony" of Marshall did not exculpate him at Walker's expense. While this argument is true only because Marshall did not testify, the comments of Marshall's counsel clearly portrayed Marshall as innocent of any crime and cast Walker as the sole guilty party. Severance is necessary when "the testimony of one co-defendant tends to exculpate that defendant at the expense of the other defendant and whether the balance of the evidence introduced at trial tends to go more to the guilt of

one defendant rather than the other." *Tillman v. State*, 606 So. 2d 1103, 1106 (Miss. 1992)(*citing* *Hawkins v. State*, 538 So. 2d 1204, 1207 (Miss. 1989); *Duckworth v. State*, 477 So. 2d 935, 937 (Miss. 1985); *Johnson v. State*, 512 So. 2d 1246, 1254 (Miss. 1987)).

¶16. Further compounding the problem was the fact that the trial court allowed the State to go outside the evidence in cross-examining Walker. There was no evidentiary basis for the State's questioning of Walker. Essentially, the State was allowed to introduce a "statement" from Marshall which inculpated Walker without affording Walker the opportunity to confront the maker of the statement. Introduction of such evidence denied Walker his right to confront witnesses against him. *See* *Langston v. State*, 373 So.2d 611 (Miss. 1979).

¶17. Although the trial judge was within his discretion in denying Walker's pre-trial motion for a severance, Walker's defense was nonetheless seriously prejudiced by Marshall's attorney's actions during the opening statement, and insult was added to injury when the State was permitted to cross-examine him on facts not in evidence. The trial judge committed reversible error by allowing the State to continue that line of questioning.

### III. The Trial Judge Did Not Coerce the Jury Verdict

¶18. Walker also contends that the trial judge improperly coerced the jury into returning a verdict of guilt as to Calvin Walker. Obviously, as this case is reversed and remanded on issue II, we do not reach this issue. In the interests of consistent application of a state procedural bar, however, we will briefly address Walker's contention.

¶19. Failure to raise a *contemporaneous* objection to the judge's instruction procedurally bars Walker from arguing this issue on appeal. *Berry v. State*, 703 So. 2d 269, 281 (Miss. 1997); *Holland v. State*, 705 So.2d 307, 352 (Miss. 1997)("[T]he issue [was raised] for the first time in the motion for new trial; thus, the objection comes too late."); *See also* *Brantley v. State*, 610 So. 2d 1139, 1140-41 (Miss. 1992)(defense moved for mistrial after court's remarks to deadlocked jury); *Murphy v. State*, 426 So. 2d 786, 791 (Miss. 1983) (defense objected and moved for mistrial immediately after jury returned to jury room).

### IV. THE VERDICT IS NOT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

¶20. Walker's final contention is that the verdict of guilt is simply not supportable on the evidence because no witness actually saw the drug exchange. Although we do not formally reach this issue, we note in passing that this contention is without merit.

> Addressing the issue of sufficiency of the evidence requires a review of the evidence to determine whether or not a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. The evidence favorable to the State is accepted as true, and the State is given the benefit of all reasonable inferences flowing from that evidence.

*Jackson v. State*, 614 So. 2d 965, 972 (Miss. 1993)(*citing* *Hammond v. State*, 465 So. 2d 1031, 1035 (Miss. 1985); *Groseclose v. State*, 440 So. 2d 297, 300 (Miss. 1983); *Harveston v. State*, 493 So. 2d 365 (Miss. 1986)).

¶21. Here, a rational jury could easily and rationally infer from investigator Johnson's testimony that the "exchange" between Walker and Marshall was in fact the exchange of the crack cocaine in light of the circumstances of this case. Even though Marshall did not see the material exchanged, his eyewitness testimony creates a reasonable inference that Walker gave Marshall the two rocks of cocaine which Marshall brought back to the investigators. This issue is without merit.

## CONCLUSION

¶22. In conclusion, it was error for the lower court to permit the State to seize upon the statements made by Marshall's counsel and use them against Walker as if Marshall had actually testified to the assertions. Walker's remaining assignments of error are without merit.

¶23. **REVERSED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**