# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-00970-SCT

*SCOTT OLIVER CALDWELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/2007 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PHILLIP BROADHEAD |
| | LESLIE S. LEE |
| | WILLIAM C. BRISTOW |
| | ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/19/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Scott Oliver Caldwell was convicted of sexual battery in the Circuit Court of Lee County, Mississippi, and sentenced to thirty-five years to be served in the custody of the Mississippi Department of Corrections, with five years suspended and five years post-release supervision. Thereafter, Caldwell's post-trial motions were denied and he perfected this appeal.

## FACTS

¶2.     On July 19, 2005, a Lee County grand jury handed down an indictment against Scott Oliver Caldwell for two counts of sexual battery against his then-seven-year-old stepdaughter, J.D.  During Caldwell's trial in February 2007, the State presented testimony from J.D., J.D.'s aunt to whom she first reported the assault, counselors who examined J.D., and others. This testimony established that Caldwell had performed acts of fellatio, digital penetration, and cunnilingus on J.D.; that Caldwell had allowed J.D. to smoke cigarettes with him; that Caldwell had watched a pornographic movie with J.D.; and that she had eventually reported to her aunt that Caldwell was "sexing" her.

¶3.     Evidence was also presented that Caldwell's sons (J.D.'s stepbrothers) had molested J.D. by "humping" her.  The defense theorized that these incidents formed the basis of the victim's knowledge of sexual matters, and that her accusations against Caldwell amounted to an act of revenge for not protecting her from her stepbrothers.  Caldwell was not permitted to question J.D. about the attacks by her stepbrothers, but was allowed to question other witnesses about the incidents.

¶4.     During the course of the trial, evidence emerged to show indisputably that the indictment's second count of sexual battery referred to an incident that had occurred not in Lee County but in neighboring Itawamba County – and therefore was outside the jurisdiction of the Lee County Circuit Court.  The trial court initially ruled that the jury would be required to disregard all references to any activity that took place outside Lee County, but later ruled that evidence regarding such activity would be admissible under Mississippi Rule of Evidence 404(b), which governs evidence of prior bad acts.  The trial court also granted a directed verdict for Caldwell on this count in the indictment.  On February 28, 2007, a Lee

2

County Circuit Court jury convicted Caldwell of the remaining count of sexual battery. Caldwell was sentenced to serve thirty-five years in the custody of the Mississippi Department of Corrections, with five years suspended and five years post-release supervision. Caldwell appeals from that conviction.

**ANALYSIS**

**I. Whether the trial court erred in failing to dismiss both counts of the indictment after the testimony disclosed that the facts alleged in count II occurred in Itawamba County rather than in Lee County.**

¶5.     Caldwell contends that the Lee County Circuit Court committed reversible error by allowing evidence of an alleged sexual battery that had occurred in Itawamba County, even after the trial court realized that it did not have jurisdiction. This Court reverses a trial court's admission of evidence only when the trial court abuses its discretion. *Cox v. State*, 849 So. 2d 1257, 1268 (Miss. 2003). *See also Mitchell v. State*, 792 So. 2d 192, 217 (Miss. 2001) ("However, this discretion must be exercised within the confines of the Mississippi Rules of Evidence. . . .  Reversal is proper only where such discretion has been abused and a substantial right of a party has been affected.")

¶6.     Mississippi Rule of Evidence 404(b) governs whether evidence of prior bad acts is admissible.  Although evidence of prior bad acts ordinarily is not admissible to show conformity therewith, "[i]t may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Miss. R. Evid. 404(b).  This list of available uses of evidence showing prior bad acts is not exclusive. *Id.* cmt.  This Court has repeatedly held that "evidence of prior sexual acts between the accused and the victim is admissible to show the accused's lustful,

3

lascivious disposition toward the particular victim, especially in circumstances where the victim is under the age of consent." ***Walker v. State***, 878 So. 2d 913, 915 (Miss. 2004) (citations omitted). The trial court clearly admitted the evidence regarding the Itawamba County battery for that limited purpose.

¶7.    The particular problem in the case at bar, though, is the intertwined manner in which the Rule 404(b) evidence was presented alongside the evidence of substantive guilt. Even if evidence is admissible under Rule 404(b), it still must pass through the "ultimate filter" of Mississippi Rule of Evidence 403. ***Jasper v. State***, 759 So. 2d 1136, 1141 (Miss. 1999) (citations omitted). Rule 403 commands that evidence should be excluded, even if relevant, "if its probative value is **substantially** outweighed by the danger of . . . confusion of the issues . . . ." Miss. R. Evid. 403 (emphasis added). This is a determination on which this Court grants great deference to the trial judge, and even when the probative value of evidence is slightly outweighed by Rule 403 concerns, it must be admitted. ***Brown v. State***, 749 So. 2d 204, 210 (Miss. Ct. App. 1999). However, it is axiomatic that when the probative value of evidence, notwithstanding its relevance, not only is substantially outweighed by the danger of issue confusion but *does in fact result in issue confusion*, Rule 403 is violated. ***Gaines v. K-Mart Corp.***, 860 So. 2d 1214, 1219 (Miss. 2003) (". . . Rule 403 prohibits the use of any evidence that substantially confuses the issues.").

¶8.    In the instant case, evidence of both counts in the indictment was presented side by side, leaving no opportunity for a reasonable jury to distinguish between evidence presented for substantive guilt and evidence presented to show lustful disposition. For example, during the State's direct examination of Dr. Margaret Koranek, a child therapist who examined the

4

victim, evidence of battery was presented despite Dr. Koranek's admission that she did not know whether the battery took place in Lee County or Itawamba County. Even the trial judge became confused by the State's intertwined evidence. Under Rule 404(b), evidence of prior bad acts must be clearly distinguished from evidence of substantive guilt so as to make clear the limited purpose for which it is offered. The trial erred by failing to make that distinction.

¶9. However, when Rule 404(b) evidence is presented and the trial court fails to distinguish it from evidence of substantive guilt, harmless error will not warrant reversal. *Baldwin v. State*, 732 So. 2d 236, 245 (Miss. 1999). *See also Carter v. State*, 722 So. 2d 1258, 1262 (Miss. 1998). In the instant case, whatever error the trial court committed in failing to distinguish the Rule 404(b) evidence clearly was harmless. Erroneously admitted evidence is harmless when "the same result would have been reached had [error] not existed." *Tate v. Smith*, 912 So. 2d 919, 926 (Miss. 2005) (quoting *Burnside v. State*, 882 So. 2d 212, 216 (Miss. 2004)). The State produced overwhelming evidence of Caldwell's guilt that went undiscredited. Whatever evidence was admitted by Rule 404(b) was merely superfluous, notwithstanding the trial court's failure to properly distinguish its limited purpose.

¶10. Because the trial court's failure to distinguish the evidence of prior bad acts under Rule 404(b) was harmless error, the trial court's refusal to grant Caldwell's request for a mistrial on the entire indictment was not error. We find that this issue is without merit.

**II. Whether the trial court erred in excluding testimony about prior sexual abuse of the child under Mississippi Rule of Evidence 412 and in admitting evidence under Mississippi Rule of Evidence 803(25), the "tender-years" doctrine.**

5

¶11. Caldwell alleges that the trial court erred when it denied him, pursuant to Rule 412, the opportunity to call the victim's stepbrothers to discuss their attacks against the victim. As with this appeal's first issue, this is a question regarding the trial court's decision on the admissibility of evidence. The decision is reviewed for abuse of discretion. *Cox v. State*, 849 So. 2d 1257, 1268 (Miss. 2003).

¶12. Generally, in prosecutions of sexual offenses, reputation or opinion evidence regarding a victim's past sexual behavior is irrelevant and inadmissible. Miss. R. Evid. 412(a). However, Rule 412(b) permits evidence of "[p]ast sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of . . . injury . . . ." Miss. R. Evid. 412(b)(2)(A).[1]

¶13. Caldwell contends that the trial court erred by not permitting him to procure the testimony of his stepsons who molested the victim. Caldwell hoped to show that their batteries, and not any acts on his part, gave the then-seven-year-old victim her unusually detailed knowledge of sexual matters. This argument hinges on whether the victim's premature knowledge of sexual matters is an "injury" for purposes of Rule 412.

¶14. However, this Court has not held that a child's knowledge of sexual matters is an "injury." The closest that the Court has come to such a holding came in a 1996 case in which

---

[1] This use of past sexual behavior is subject to a fifteen-day notice requirement. Miss. R. Evid. 412(c)(1). Caldwell concedes that he did not comply with that requirement. However, the State never raised a timeliness objection at trial, and this Court has held that such a failure waives the notice deficiency. *Herrington v. State*, 690 So. 2d 1132, 1137 (Miss. 1997).

the justices rejected Rule 412 evidence of the cause of a sex-crime victim's emotional trauma, not because emotional trauma did not qualify as an "injury," but because the evidence offered by the defense to address that trauma was not reliable. *Peterson v. State*, 671 So. 2d 647, 658-59 (Miss. 1996) (superseded on other grounds by statute as discussed in *Caston v. State*, 949 So. 2d 852, 856 (Miss. Ct. App. 2007)).

¶15. Still, Caldwell did not seek to introduce this testimony because it showed the source of emotional trauma or psychological injury, but rather the victim's knowledge of sexual matters. This Court has not addressed the question of whether such testimony is admissible to show the victim's knowledge of sexual matters, and ultimately, it need not reach that determination in this case. Although the trial court denied Caldwell his preferred avenue for producing evidence of his sons' attacks, he was allowed to produce this evidence through other means. The Sixth Amendment's guarantee of a fair trial does not permit the Court to construe Rule 412 so strictly as to deprive Caldwell of "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984). But in the instant case, the trial court permitted Caldwell to produce evidence of his sons' assaults upon the victim through cross-examination of several other witnesses.

¶16. The trial court's decision not to allow Caldwell to call the victim's stepbrothers did not deprive the defendant of an ample opportunity to present his theory of the case. Therefore, we find that this assignment of error is without merit.

¶17. Caldwell also asserts that the trial court deprived him of his Sixth Amendment right to confront his accuser by permitting the State to produce evidence of the victim's other

attacks through the hearsay testimony of a rebuttal witness, rather than by requiring the State to recall the victim to the witness stand.[2]

¶18.    Among Mississippi's numerous exceptions to the hearsay rule is Rule 803(25), commonly known as the "tender-years exception." This rule allows hearsay testimony regarding a child's statement regarding sexual contact by another if "the court finds . . . that the time, content, and circumstances of the statement provide substantial indicia of reliability; and . . . the child . . . testifies at the proceedings . . . ." Miss. R. Evid. 803(25)(a)-(b)(1).

¶19.    It is beyond dispute that the trial court held a preliminary hearing on the permissibility of this hearsay evidence, but Caldwell contends that J.D. did not, for purposes of Rule 803(25), "testif[y] at the proceedings." Miss. R. Evid. 803(25)(b)(1).  Because the Rule 803(25) testimony was produced long after J.D. had left the stand, Caldwell argues that he was deprived of an opportunity to cross-examine J.D. on the substance of the rebuttal witness' hearsay testimony.

¶20.    Caldwell had every opportunity to recall J.D. to the stand as a rebuttal witness – a fact admitted in his brief to this Court.  Caldwell contends that his hands were tied because recalling J.D. would have made his attorneys – and, ultimately, him – look like a bully in front of the jury.   The question of whether to put J.D. back on the stand was a matter of strategy, and an appellate court will not reverse for matters within the ambit of trial strategy.

---

[2] Caldwell failed to object at trial to the Rule 803(25) evidence, but this Court has held that a failure to timely object to such testimony does not waive the Sixth Amendment right to confront witnesses. ***Hobgood v. State***, 926 So. 2d 847, 852 (Miss. 2006).

*See* ***Spicer v. State***, 973 So. 2d 184, 203 (Miss. 2007) (quoting ***Powell v. State***, 806 So. 2d 1069, 1077 (Miss. 2001)).

¶21.	Because Caldwell could have recalled the victim after the admission of the Rule 803(25) testimony but chose not to do so, the admission of this hearsay evidence did not violate his Sixth Amendment right to confront his accuser. We find that this assertion is also without merit.

**III. Whether the trial court erred in denying Caldwell's motion for a new trial because the verdict was contrary to the overwhelming weight of the evidence.**

¶22.	Finally, Caldwell asserts that the trial judge erred by declining to grant his motion for a new trial because the jury reached its verdict against the great weight of the evidence. Denial of such a motion is reviewed for an abuse of discretion. ***Dudley v. State***, 719 So. 2d 180, 182 (Miss. 1998). "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." ***Id***. (quoting ***Herring v. State***, 691 So. 2d 948, 957 (Miss. 1997)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." ***Id***. (quoting ***Pleasant v. State***, 701 So. 2d 799, 802 (Miss. 1997)).

¶23.	The evidence presented in this case fully proves the elements of sexual battery. J.D.'s testimony regarding the incidents of sexual battery was never discredited, and all other witness testimony was consistent with J.D.'s account. Matters regarding the credibility and

9

weight to be accorded the evidence are to be resolved by the jury. *Meshell v. State*, 506 So. 2d 989, 992 (Miss. 1987). The fact that the jury did not believe Caldwell's theory of the case does not render the verdict untenable.

¶24. The jury's verdict was not against the overwhelming weight of the evidence, and the trial court did not err when it denied Caldwell's motion for a new trial. Therefore, we find that this issue is without merit.

## CONCLUSION

¶25. For the reasons stated herein, we affirm Caldwell's judgment of conviction and sentence.

¶26. **CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY-FIVE (35) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE (5) YEARS SUSPENDED AND POST-RELEASE SUPERVISION FOR A PERIOD OF FIVE (5) YEARS, WITH CONDITIONS, AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**