# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00115-COA

**BRIAN SCOTT McCLUSKY**                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2021 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY B. FARMER |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/18/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. A Lowndes County Circuit Court jury found Brian Scott McClusky guilty of fondling his eleven-year-old daughter Rene.[1] The circuit court sentenced McClusky to fifteen years, with five years suspended and ten years to serve, in the custody of the Mississippi Department of Corrections (MDOC) and five years of post-release supervision. Appealing the verdict, McClusky argues that the circuit court erred in allowing the State (i) to introduce prejudicial testimony of prior bad acts and (ii) to question McClusky regarding adult pornographic material discovered on his cell phone. We find no abuse of discretion in the

---

[1] "Rene" is the pseudonym used by the parties to protect the minor's identity.

court's evidentiary rulings and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     McClusky lived in a trailer with his daughter Rene, Rene's brother, and Dawn Baer, Rene's maternal grandmother and appointed guardian. According to Baer, this unique living arrangement was because Rene's mother "was not able to take care of them."[2] Baer wanted to help raise the children but also to give McClusky a "chance to . . . be with the kids . . . and so he could be around them more than he usually was."

¶3.     On the night of January 20, 2021, Rene was watching a movie with her grandmother in the bedroom they shared. Rene's brother was not home. Rene left her bedroom and went to ask her father, who was in the other bedroom, to get her something to drink. McClusky told her to get it herself. Rene poured herself some tea and was walking back through the living room when McClusky came out of his bedroom and began tickling her stomach. Rene sat down on the couch, and McClusky began "touch[ing] [her] down there in between [her] legs." Rene was wearing "a shirt and some tights" at the time. McClusky "pulled [her] legs apart" and "touched [her] between her legs" with his "flat" hand. McClusky asked Rene, "[C]an I play with you?"

¶4.     Scared, Rene began to cry. When McClusky "got away" from her, she ran back to her bedroom. Baer noted that Rene's "mood had completely changed." Rene told Baer that

---

    [2] Rene's mother lived a few doors away—she and McClusky had been separated for several years.

McClusky had tickled her and touched her "[i]n her private place." Baer asked Rene to repeat herself, as "this was a serious offense," and "she wanted to understand what [Rene] was saying." Baer confronted McClusky, who acted "[n]onchalant" about Rene's accusation. McClusky claimed Rene was lying, to which Rene responded, "[S]ays the fibber." Rene observed that McClusky appeared to be "drunk" and unsteady on his feet.

¶5. Baer called 911. When Officer David Hunt of the Lowndes County Sheriff's Office arrived, Baer told him about the fondling accusation. The officer went to McClusky's bedroom and encountered McClusky "sitting on his bed holding a knife." There were "narcotics" and marijuana "scattered around the bed" within McClusky's reach. There were also empty liquor bottles in a trash can. Officer Hunt briefly saw Rene and observed that she was "very quiet and very withdrawn." McClusky appeared to the officer to be "very intoxicated," with "[s]lurred speech" and "glazed over" eyes. Officer Hunt arrested McClusky for possession of marijuana and fondling.

¶6. McClusky waived his *Miranda* rights[3] and gave a statement to Detective Drew McCain. McClusky told the detective that he had a lot to drink that evening and could not remember anything before being placed in handcuffs. He did not know why Rene would accuse him of touching her genital area. McCain asked McClusky if Rene had ever made an allegation against him in the past, and he responded, "Not to my knowledge." Detective McCain referred Rene to a forensic interviewer to discuss the incident.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

¶7. A Lowndes County grand jury indicted McClusky on one count of fondling under Mississippi Code Annotated section 97-5-23(2) (Rev. 2020). The indictment alleged that McClusky, "for the purpose of gratifying his lust or indulging his depraved, licentious sexual desires[,] . . . did handle, touch, or rub with his hands . . . any part of [Rene's] body" without her consent while "in a position of trust or authority as the father of [Rene]."

¶8. A jury trial was held on December 1-2, 2021.[4] The jury found McClusky guilty of fondling, and the circuit court sentenced him to fifteen years, with five years suspended and ten years to serve in MDOC's custody and five years of post-release supervision. McClusky filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial, challenging the sufficiency and weight of the evidence and arguing that the circuit court erred in allowing testimony regarding prior bad acts. The court denied the motion, and he appeals the verdict.

## ANALYSIS

¶9. McClusky challenges two evidentiary rulings by the circuit court on appeal. Specifically, he claims that his "trial was prejudiced by the admission of other-bad-acts evidence of a prior alleged instance of abuse and the presence of pornography on his phone." A circuit court's admission of evidence is reviewed on appeal "under the abuse-of-discretion standard." *Boggs v. State*, 188 So. 3d 515, 519 (¶9) (Miss. 2016) (citing *Smith v. State*, 136

---

[4] Pertinent testimony given at trial by Rene, Baer, Officer Hunt, and Detective McCain has been referenced and quoted in the facts. Testimony and evidence relevant to the evidentiary rulings challenged on appeal will be addressed in our analysis.

So. 3d 424, 431 (¶17) (Miss. 2014)). "Evidentiary rulings are affirmed unless they affect a substantial right of the complaining party." *Id*. (quoting *Sewell v. State*, 721 So. 2d 129, 138 (¶50) (Miss. 1998)).

## I.    Alleged Instance of Prior Abuse

¶10.    Elizabeth Runnels Brown testified that she conducted a forensic interview of Rene at the Sally Kate Winters Child Advocacy Center on January 28, 2021.  A recording of the interview was introduced as an exhibit at trial.  The defense submitted a motion in limine to restrict any testimony by Brown or Rene referring to an alleged prior incident between McClusky and Rene.  Finding this evidence was "more probative than prejudicial," the circuit court denied the motion.  The court did issue a limiting instruction to the jury prior to the testimony, clarifying that such testimony "is to be considered only for the limited purpose of showing proof of motive, intent or lack of accident or mistake."  Brown then testified, over a continued objection by the defense, that Rene told her McClusky had "touched her no-no square with his genital area" on a previous occasion.  This alleged incident occurred while Rene and McClusky were showering naked at McClusky's (then) girlfriend's house approximately one year before the fondling.

¶11.    McClusky argues that this evidence was prejudicial and "not admissible under Mississippi Rule of Evidence 404(b) because it did not possess a probative link beyond the bare inference that McClusky acted in conformity with the prior incident."  Mississippi Rule of Evidence 404(b) generally prohibits "[e]vidence of a crime, wrong, or other act" used "to

5

prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." MRE 404(b)(1). Such evidence, however, may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." MRE 404(b)(2). "If the evidence is offered for a permissible (non-character) purpose, it still 'must pass through the ultimate filter of [Rule] 403.'" *McCammon v. State*, 299 So. 3d 873, 892 (¶70) (Miss. Ct. App. 2020) (quoting *White v. State*, 842 So. 2d 565, 574 (¶27) (Miss. 2003)).

¶12.    The State argued that this evidence was admissible because it demonstrated that the inappropriate touching of Rene's genital area was not a mistake or accident. One of McClusky's defenses at trial was that he was merely playing with his daughter, and, in his drunken state, his hand may have slipped. As this Court has recognized, "evidence of prior sexual acts between the accused and the victim is admissible under Rule 404(b) to show the accused's lustful, lascivious disposition toward the particular victim, especially in circumstances where the victim is under the age of consent." *Ellis v. State*, 315 So. 3d 489, 495 (¶13) (Miss. Ct. App. 2020) (quoting *Caldwell v. State*, 6 So. 3d 1076, 1078 (¶6) (Miss. 2009)). We find no error in the circuit court's ruling that the probative value of the evidence of the prior alleged incident was not substantially outweighed by the danger of unfair prejudice, "particularly because the act [was] against the same alleged victim" and had "evidentiary value to show the licentious [and] lustful desires . . . towards the particular victim[.]"

6

¶13.    McClusky also claims that the State's closing argument revealed the "true purpose" for admitting this evidence, i.e., to create propensity evidence. During closing arguments, the prosecutor stated,

> [The prior incident is] not being offered to you to find him guilty of that. That's not what this particular trial is about. This trial is the tickling that led to rubbing the vagina at the trailer on Black Creek Road. But still, the Court allows you to consider [Rene']s story about what happened at [the girlfriend's] house *to show motive, to show intent and a lack of an accident or mistake.* So that's the purpose of this instruction. It'll make a little more sense to you, but we told you about that not to necessarily just throw every bad thing we can about Scotty McClusky out in front of the jury, but to tell you when he spread those legs apart, there was a reason for it. *He had a motive.* When he spread those legs apart, he had intentions. When the hands went from scrunching, tickling fingers on the belly to a flat palm rubbing up and down on a[n]11-year-old's vagina, that was his intention. *That wasn't a mistake and that wasn't an accident.* We know that because this wasn't his first time doing it.

(Emphasis added). Defense counsel raised no objection to the prosecution's remarks. The supreme court has repeatedly "held that failure to object contemporaneously at trial waives any claim of error on appeal." *Graves v. State*, 216 So. 3d 1152, 1161 (¶26) (Miss. 2016). Waiver notwithstanding, we find no merit to McClusky's assertion that the State's closing argument inferred that McClusky was acting "in conformity with the prior incident." The State explicitly informed the jury that the evidence was presented to show that the incident was not a "mistake" or "accident," as alleged by the defense.

¶14.    Accordingly, we find no error in the circuit court's ruling that this evidence was admissible for that purpose.

## II.    Pornographic Material on McClusky's Cell Phone

¶15.    McClusky also appeals the circuit court's ruling allowing the State to question him regarding adult pornographic material found on his cell phone. Early in the trial proceedings, Detective McCain testified that Baer had given him McClusky's cell phone. Defense counsel immediately objected, and a bench conference was held on whether evidence of adult pornographic material discovered on McClusky's phone was admissible. The prosecution stated that it had no intention "to go into anything about the cell phone," agreeing with the defense that this evidence was "irrelevant" to the current charge.

¶16.    Later, there was discussion outside the jury's presence about whether McClusky could testify that his medications affected his desire for sex and caused erectile dysfunction. Concluding that an expert opinion would be needed for such testimony, the circuit court judge ruled that McClusky could "testify as to whether he has any sexual desires or not or whatever, but I don't believe he can testify as to the fact that his medication or the genetic deformity or whatever causes him to have erectile dysfunction." Defense counsel subsequently renewed its request that McClusky be allowed to testify regarding medication side effects, arguing that "his defense is that these medications effect his libido." Again, the judge ruled that McClusky was "not an expert on whether these medications caused this or not[,] . . . [but] [h]e is not limited in testifying as to what his libido was."

¶17.    McClusky testified that he takes prescription drugs Eliquis, hydrocodone, and Prozac, and he admitted to self-medicating "with marijuana and alcohol" in the past. Addressing the element of "gratification of lust," McClusky averred that he had not had sex in "about two

years" because he suffers from "performance issues" (i.e., erectile dysfunction).[5] He also said that he no longer has "lustful" or "sexual urges" and denied ever having any sexual desires for children.

¶18.    On cross-examination, McClusky admitted that he never told Detective McCain about his "performance issues" or "low libido." He also stated that he had been in romantic relationships with women for the last few years but claimed that the purpose of those relationships was "companionship and love." The State then requested that it be allowed to question McClusky regarding whether he had viewed the pornographic material on McClusky's cell phone "as a way to impeach him about having no sexual urges or libido." Concluding "that would be conduct that's inconsistent with his testimony," the circuit court judge overruled the defense's objection and allowed the State to "ask him whether he was looking at them."

¶19.    When the State asked McClusky if he had viewed pornography on his cell phone, he replied, "I did at times for entertainment purposes, not sexual." He clarified that it was adult pornography. McClusky also acknowledged that a photograph of his penis "may have been" on his phone. He said that was "requested through Facebook or something, but it was a long time ago" and was not deleted. McClusky clarified on redirect examination that there was

_____

[5] McClusky's girlfriend, Jeanna Conti, also testified for the defense that she and McClusky had not had sex in about two years due to his erectile dysfunction and low libido. On cross-examination, Conti admitted that McClusky had told her he desired a sexual relationship with her, calling her "seductive." She also said McClusky had drunken sex with another woman in January 2020.

no pornographic material downloaded on his phone; his web search history showed that he had merely visited adult pornography websites.

¶20. McClusky contends that the circuit court committed reversible error in allowing the State to question him about the adult pornographic material on his cell phone, as it "was irrelevant and substantially more prejudicial than probative." The supreme court has held, "Rule 401 provides that 'evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the case.'" *Clark v. State*, 315 So. 3d 987, 1010 (¶68) (Miss. 2021) (quoting MRE 401). "Relevant evidence should not be excluded under Rule 403 unless its 'probative value is substantially outweighed by the danger of unfair prejudice.'" *Curry v. State*, 202 So. 3d 294, 298 (¶13) (Miss. Ct. App. 2016) (emphasis omitted) (quoting MRE 403).

¶21. We recognize that evidence of pornographic material not related to the alleged instance of abuse typically has been found to be irrelevant and unfairly prejudicial. *See Gabriel v. State*, 270 So. 3d 58, 62 (¶¶19-20) (Miss. Ct. App. 2018) (finding defendant's statements to police that he watched adult pornography were "not relevant to the charges [of child molestation] brought"); *Wade v. State*, 583 So. 2d 965, 967 (Miss. 1991) (holding that pornographic pictures not seen by the victims had no probative value and were prejudicial to the defense). Initially, the State even agreed that this evidence was "irrelevant" to the charge of fondling.

¶22. However, once defense counsel elicited testimony from McClusky that it had been

10

"about two years" since he had any "sexual urges" in an effort to negate the element of "gratification of lust," defense counsel "opened the door" to the State's questioning about McClusky's watching pornographic material on his phone. "If a defendant opens the door to [a] line of testimony, ordinarily he may not complain about the prosecutor's decision to accept the benevolent invitation to cross the threshold." *Chatman v. State,* 241 So. 3d 649, 654 (¶15) (Miss. 2017) (quoting *Doby v. State*, 557 So. 2d 533, 539 (Miss. 1990)).

¶23.    Furthermore, "Mississippi allows wide-open cross-examination of any matters affecting the credibility of the witness." *Griffin v. State*, 269 So. 3d 337, 348 (¶29) (Miss. Ct. App. 2018) (quoting *Brown v. State*, 690 So. 2d 276, 292 (Miss. 1996)). "The right to impeach or attack a witness'[s] credibility is secured both by the Mississippi Rules of Evidence and the confrontation clauses of the state and federal constitutions." *Brown*, 690 So. 2d at 292; *see also Abram v. State*, 309 So. 3d 579, 584-85 (¶¶11, 14) (Miss. Ct. App. 2020) (holding that because the defendant "put his character in issue when he testified he had nothing to hide, was not lying to the jury, and had never been charged with lying," he "opened the door for the State to impeach him by offering evidence of a prior [conviction of lying to a police officer], which he denied under oath").

¶24.    A circuit court's decision on "whether a party opens the door for an opposing party to inquire about otherwise inadmissible evidence" is reviewed for abuse of discretion. *Pettus v. State*, 295 So. 3d 993, 1005 (¶47) (Miss. Ct. App. 2020). We find that the court did not err by allowing the State to question McClusky about the adult pornographic material

discovered on his cell phone to rebut his testimony that he no longer had sexual urges.

## CONCLUSION

¶25.   Finding no abuse of discretion in the circuit court's rulings on the two evidentiary issues raised by McClusky, we affirm his conviction and sentence.

¶26.   **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**